

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00673-CV

**IN THE INTEREST OF G.T.**, a Child

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-EM5-01625
Honorable Marisa Flores, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: November 8, 2023

DISMISSED FOR LACK OF JURISDICTION

Appellant Frederick Omoyuma Silver seeks to appeal an order confirming child support arrearage signed on June 27, 2023. Generally, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only if expressly permitted by statute. *See* TEX. CIV. PRAC. & REM. CODE § 51.014; *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001).

The clerk's record shows that on August 12, 2023, the Office of the Attorney General (OAG) filed a motion to confirm support arrearage. Silver thereafter filed a claim for damages pursuant to section 231.114(c) of the Family Code. The OAG then filed an answer in opposition to the claim. The June 27, 2023 order does not dispose of appellant's claim and does not otherwise clearly and unequivocally state it finally disposes of all claims and parties. *See Lehmann*, 39

S.W.3d at 205 ("[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties.").

We therefore ordered Silver to show cause in writing by October 6, 2023 why this appeal should not be dismissed for lack of jurisdiction. On October 5, 2023, Silver filed a response stating he was "A Man known to use the name Frederick-Omoyuma Silver," the OAG did not serve him with the order, he was "not aware of any Child," argued it was the trial court's duty to "[s]tate if its order is a final appealable order or not," and asks for a copy of the order. Because Silver's response fails to show how this court has jurisdiction, the appeal is dismissed.

PER CURIAM